Steven H. Haney, SBN 121980
GREGORY L. YOUNG, SBN 226293
**HANEY & YOUNG LLP**
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501
E-Mail: shaney@haneyyoung.com

Attorneys for Plaintiff,
RODERICK MARSHALL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK MARSHALL, an individual;<br><br>        PLAINTIFF,<br>v.<br><br>THE BOEING COMPANY, a Delaware Corporation; BOEING DEFENSE, SPACE & SECURITY, a division of BOEING, business entity form unknown; BOEING NETWORK & SPACE SYSTEMS, a part of BOEING DEFENSE, SPACE & SECURITY, a business entity, form unknown, and DOES 1-10;<br><br>        DEFENDANTS. | **CASE NO.: 2:16-CV-08630**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1) DISCRIMINATION BASED UPON RACE AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA AND HOUSING ACT ("FEHA"), Cal. Gov. Code §12940(a),** *et. seq.***;**<br><br>**(2) HARASSMENT BASED UPON RACE AND ENGAGEMENT IN PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, Cal. Gov. Code §12940(j),** *et. seq.***;**<br><br>**3) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND/OR RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, Cal. Gov. Code §12940(k);**<br><br>**4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**5) NEGLIGENT SUPERVISION;**<br><br>**6) NEGLIGENT RETENTION; AND** |

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

**DEMAND FOR JURY TRIAL**

Plaintiff RODERICK MARSHALL (hereafter sometimes referred to as "MARSHALL") alleges as follows:

## THE PARTIES

### PLAINTIFF

1.     Plaintiff RODERICK MARSHALL, an individual, is a current employee of The Boeing Company.

2.     Plaintiff is, and at all relevant times herein was, an African-American employee of The Boeing Company, working at facilities in the City of El Segundo, in the County of Los Angeles, State of California.

### DEFENDANTS

3.     Plaintiff is informed and believes that Defendant THE BOEING COMPANY (sometimes referred to herein as "Boeing") is a Delaware Corporation doing business, and employing over 16,000 people, in the State of California, with a major manufacturing and business facility in the City of El Segundo, County of Los Angeles.

4.     Plaintiff is informed and believes that Defendant BOEING DEFENSE SPACE & SECURITY ("Boeing DS&S") is a division of Boeing doing business in the State of California.

5.     Plaintiff is informed and believes that Defendant BOEING NETWORK & SPACE SYSTEMS ("Boeing NS&S") is a part of Boeing DS&S, which does business in the State of California.

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

6.     At the time of the filing of this Complaint, Plaintiff is unaware of the true names and capacities of the Defendants, who are the employees, agents, representatives, co-conspirators and/or are otherwise acting on behalf of Defendants Boeing, Boeing DS&S and Boeing NS&S (hereafter collectively referred to as "Boeing"), and therefore sues these persons using the fictitious names Does 1-10, inclusive. Plaintiff will amend the Complaint to allege the true names and capacities of the Doe Defendants when such have been ascertained. Defendants Boeing and Does 1-10 are sometimes hereafter collectively referred to as "Defendants."

7.     Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named Defendants are in some manner responsible for the occurrences, acts and omissions alleged herein, and that Plaintiff's damages as alleged herein were proximately caused by such occurrences, acts and omissions of said Doe Defendants, and by each of them. When Plaintiff alleges conduct against any Defendant hereafter, said Defendant will include the named Defendants and Defendant Does 1-10.

8.     Defendants Boeing and Does 1-10 were and are at all relevant times acting as the agents, partners, joint venturers and co-conspirators of each other, with each act or omission being perpetrated within the scope of the agency, partnership, venture or conspiracy.

9.     Plaintiff has suffered losses in excess of the jurisdictional minimum of the Court, which will be established according to proof at time of trial.

## JURISDICTION AND VENUE

10.     Jurisdiction is proper in the Federal Court because Plaintiff's case, along with his former Co-Plaintiffs, was previously removed by Defendants pursuant to diversity jurisdiction per 28 U.S.C. § 1332 and no Motion to remand was filed. As a result, this Court has already exercised jurisdiction over the case.

11.     Venue is proper in this District because the defendants and each of them have engaged in significant business operations, and the employment of thousands of people, in the County of Los Angeles, California, including a facility in El Segundo,

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

1  wherein Plaintiff is or was employed, and wherein each of the harms to Plaintiff

2  complained of herein occurred.

3  **FACTUAL ALLEGATIONS**

4      12.    In 1865, The United States Congress abolished slavery by passing the

5  13th Amendment to the Constitution. What followed were years of the infamous Jim

6  Crow laws in the South, the Ku Klux Klan, and disparate treatment against African

7  Americans, including the highest unemployment rate of any ethnicity in history, a

8  widespread refusal by white America to promote African Americans to higher level

9  managerial positions, and unequal pay for African Americans doing the same work as

10 their higher paid Caucasian co-employees. With the passage of the Civil Rights Act of

11 1964, it appeared America had turned a corner. The message was now clear: there

12 was to be "no discrimination against persons based on race or ethnicity." While most

13 of America got that message, it has become obvious that at least one major multi-

14 cultural company either was not listening or simply chose to ignore the law. That

15 company is Boeing.

16     13.    Boeing has in its agreement with its employees a written policy that

17 states:

18         "The Employer and the Union agree that, in applying the

19         terms of this Agreement, neither party will discriminate against any employee because of race, national origin,

20         sex, age, color, creed, physical handicap, sexual orientation or for any other reason prohibited by law."

21     Boeing, specifically at its El Segundo, California location, has violated this

22 policy by continuing its well-established pattern of creating a corporate culture

23 wherein employees of African American descent are subjected to disparate treatment,

24 harassment, public embarrassment, and ridicule by managers and colleagues, and a

25 number of adverse employment actions including failure to be promoted to positions

26 for which they are qualified, being initially hired into lower-tier jobs than comparably

27 qualified Caucasian candidates, failure to receive preferred job assignments, failure to

28 receive job assignments necessary for promotion, and/or termination.

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

14.     The list of Boeing's violations of state and federal anti-discrimination laws is too long to recite. A few examples of Boeing's willful discrimination are:

1)     A 1997 Boeing internal audit found that "Blacks received lower starting salaries than Caucasians" doing comparable work, and found Boeing exhibited "racial bias" against hiring African Americans.

2)     Boeing dodged a bullet in 1998 when it paid 43 African Americans only $4.5 million for Labor Code violations in an action brought by the U.S. Department of Labor. Boeing's Director of Employee Relations, Marcella Fleming, told Boeing management that "Boeing's potential liability in that case was $120,000,000."

3)     In 1999, Boeing paid a large group of African American employees $15,000,000 in *Staton v. Boeing Co.*, Case No. CV-98-00761-JCC. Much more significant than the $15,000,000 payment is the fact that Boeing has paid $1.3 ***billion*** "off the books" to keep the quota industry and federal government investigators and regulators (e.g. EEOC and Department of Labor) off their backs.

Boeing's internal protections are inadequate to protect employees from discrimination. In its most recent transgression, members of the Human Resources department and managers tasked with preventing discrimination, including but not limited to Sandy Specht, openly exhibit discriminatory behavior and failed to properly investigate claims of racial discrimination.

15.     In addition to its flagrant racial discrimination, Boeing, specifically at its El Segundo, California location, allows for systemic nepotism, creating an environment wherein senior or preferred Caucasian employees and Caucasian family members or associates of senior or preferred employees are hired into more desirable jobs, wrongfully provided with interview questions in advance of hiring or promotion

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

1  interviews, and routinely transferred between jobs and departments in such a way to

2  allow for their career advancement at the expense of similarly qualified employees

3  who are not related to or associated with senior or preferred employees. These family

4  members and associates of senior and preferred employees are also routinely

5  transferred between jobs and departments in such a way as to insulate them from

6  layoffs.

7       16.     By allowing the nepotism described herein to occur, Boeing is blatantly

8  violating its own internal policies and procedures, specifically, but not limited to,

9  Procedure PRO-58, "employment of Relatives and Close Personal Friends."

10      17.     Similarly, hiring and promotion decisions are sometimes affected by

11  improper relationships between Boeing employees and employees of Boeing vendors,

12  many of whom are former employees of Boeing themselves.  These decisions

13  sometimes also include nepotism and race discrimination. By way of example, Ron

14  McFatridge, a former Caucasian employee of Boeing vendor Cicon, who came to

15  work for Boeing before retiring, hired other former Cicon employees and promoted

16  them ahead of other Boeing employees with more experience.  Mr. McFatridge and

17  the other former Cicon employees hired by Boeing then created an improper client-

18  vendor relationship with Boeing, in violation of Boeing's own internal policies, to the

19  detriment of Boeing itself, and to the detriment of its employees who are members of

20  protected classes, including racial minorities, and those who are not members of the

21  nepotistic preferred "old boy network" of Boeing employees.

22      18.     As further example of the impermissible nepotism at the Boeing El

23  Segundo facility, Boeing manager Chuck Brockett, Caucasian, was impermissibly

24  involved in the hiring process for his nephew Cody Oleson, also Caucasian, and not

25  only had direct input in Oleson's hiring, but was also Oleson's supervisor up until the

26  time the Oleson was promoted to a salary position – leap frogging a number of more

27  experienced and more qualified African American employees.  What is more,

28  Caucasian Boeing manager Brent Patchell was able to secure employment for his son,

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

1  step-daughter, daughter-in-law, sister-in-law and brother-in-law, all Caucasian.

2  Patchell's son, Curtis Patchell, and his step-daughter, Nicole Perez, were hired by

3  Chuck Brockett, and initially worked under Brockett before quickly being promoted

4  to salary positions, similar to the unjustified career advancement of Brockett's

5  nephew, Oleson. Brockett also hired and quickly promoted Vanessa Sarria, who is the

6  daughter in law of another long-time Boeing employee.  Recently, Joshua Bristol, the

7  son of long-time Caucasian employee, Kenneth Bristol, was hired as a favor to his

8  father.  In all of these instances of nepotism, the perpetrators received at most a verbal

9  warning, and often no punishment at all. This nepotism manifests itself as race

10  discrimination.

11      19.    African American employees at Boeing, El Segundo are frequently

12  victims of disparate treatment. For example, Caucasian Boeing employee Brian

13  Sullivan received a DUI while working remotely at a satellite launch and was given

14  only the very mild punishment of being put on an alternate work week. African-

15  American employees receive much harsher punishments for less serious infractions.

16  Other instances of similar disparate treatment are set forth herein.

17  **FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF MARSHALL**

18      20.    Plaintiff Roderick Marshall is African American.

19      21.    On May 5, 2016, Plaintiff Marshall filed an Administrative Complaint

20  with the Department of Fair Housing and Employment ("DFEH"), in compliance with

21  the applicable provisions of the government code. The DFEH issued Marshall a

22  Notice of Case Closure and the attendant Right to Sue notice authorizing this lawsuit.

23  A true and correct copy of this Notice is attached hereto as **Exhibit "A."**

24      22.    Plaintiff Marshall is currently employed as an Air Vehicle Technician,

25  Senior.  Marshall has been employed by Boeing since 1998.

26      23.    As part of Plaintiff Marshall's employment, he works on Boeing

27  commercial satellites.  He also works on Boeing government and military satellites

28  and defense systems.

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

24. One of the job duties of Senior Air Vehicle Technicians is to work on the launches of the commercial satellites. Typically, "core team members" who worked directly on the satellite to be launched are chosen to work on these launches. Working on a satellite launch is an integral part of the Senior Air Vehicle Technician's job, and experience working on these launches is necessary for promotion to more advanced positions. Working on these launches also requires travel, sometimes to international locations. This travel provides opportunities for overtime and differential pay.

25. Plaintiff Marshall has been passed over and not selected to work on and travel for these commercial launches on multiple occasions. Marshall was passed over in favor of less senior, non-core team members. The employees who were selected instead of Marshall were related to, or closely associated with, senior and preferred Boeing employees, constituting nepotism. The employees who were selected instead of Marshall were also frequently Caucasian.

26. Plaintiff Marshall was not selected for this integral job duty because of his race, and because of nepotism.

27. Plaintiff Marshall is employed on a shift that requires him to work nights and evenings. In that past, Marshall has worked the first shift for Boeing, during the day. Marshall would need to work on the day shift to care for his ailing mother. Plaintiff Marshall had a doctor's note confirming this.

28. As part of Plaintiff Marshall's employment working on government and military satellites and defense systems, Marshall is required to maintain a government security clearance.

29. Plaintiff Marshall requested to be moved back to the day shift. He was told that there was a need for employees with security clearances on the second and third shifts, which are in the evening and night.

30. Plaintiff Marshall considered not renewing his security clearance, which would allow him to transfer back to his preferred day shift.

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

31.     Manager Lester Hojo told Marshall that Hojo would not accommodate Marshall's request despite it being within his discretion to do so.

32.     Plaintiff Marshall was told by Sandy Specht that he would be terminated if he did not maintain his security clearance.

33.     Subsequent to being told this, another less senior Caucasian employee who worked on Plaintiff Marshall's shift was allowed to give up his security clearance and was transferred to the day shift.

34.     This disparate treatment was a result of Plaintiff Marshall's race.

35.     Plaintiff Marshall filed a grievance as a result of Hojo's refusal to move him to the day shift.  Marshall won his grievance, and was told that when less senior employees with clearances were available to be placed on second shift, Marshall would be moved to the day shift.  Qualifying employees became available.  Hojo refused to honor the grievance ruling and transfer Plaintiff Marshall to the day shift. Plaintiff was forced to file an ethics complaint against Hojo.

36.     Plaintiff Marshall's mother's condition worsened, and the stress of her illness manifested in symptoms requiring Marshall to go on stress leave.

37.     Plaintiff Marshall was then offered a return to the first shift, and returned to work on the day shift after his symptoms resolved several weeks later.

38.     Plaintiff Marshall was subjected to a hostile work environment because of his race. Among numerous examples of this hostile work environment, Plaintiff Marshall was physically assaulted at work by Caucasian employee Vince Shultz, who was angered because Marshall was not in his assigned work area.

///

///

///

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

**FIRST CAUSE OF ACTION**

**(DISCRIMINATION BASED UPON RACE AND ENGAGEMENT IN**

**PROTECTIVE ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR**

**EMPLOYMENT AND HOUSING ACT ("FEHA"),**

**Cal. Gov. Code §12940(a), et. seq.;)**

**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

39.     Plaintiff hereby incorporates by reference and re-allege each and every allegation contained in Paragraphs 1 through 38, inclusive, as if fully set forth herein.

40.     Government Code Section 12940(a) makes it an unlawful employment practice for any employer to discriminate on the basis of race, by making unlawful said discrimination in compensation or in terms, conditions or privileges of employment. Government Code Section 12926(n) also states that "race" includes an employee who is associated with a person who has, or is perceived to have those characteristics.

41.     Defendants violated this prohibition on discriminatory acts or omissions based upon race, and engagement in protected activity for making claims of discrimination, and for subjecting Plaintiff to disparate treatment as set forth in the Factual Allegations, above.

42.     FEHA does not require that an employer's discriminatory act constitute one swift blow, rather than a series of subtle yet damaging injuries. The individual acts of discriminatory conduct as described herein, as well as the totality of such conduct, constitute an adverse employment action. Moreover, FEHA protects an employee against unlawful discrimination with respect not only to "ultimate employment actions" such as termination or demotion, but also the entire spectrum of employment actions that are reasonably likely to adversely or materially affect an employee's job performance or opportunity for advancement in his career.

43.     As a result of Defendants' discriminatory conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

1   described acts, Defendants acted in a willful, oppressive and malicious manner

2   towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in

3   complete disregard to the harm that this conduct would cause.  Plaintiff is therefore

4   entitled to punitive damages in an amount according to proof at trial against all

5   Defendants except any Defendant who is specifically excluded by law from being

6   liable for punitive damages.

7   ### SECOND CAUSE OF ACTION

8   **(HARASSMENT BASED UPON RACE AND ENGAGEMENT IN**

9   **PROTECTED ACTIVITY IN VIOLATION OF THE CALIFORNIA FAIR**

10  **EMPLOYMENT AND HOUSING ACT ("FEHA"),**

11  **Cal. Gov. Code §12940(j), *et. seq.*;)**

12  **(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

13      44.    Plaintiff re-alleges and incorporates by reference each and every

14  allegation contained in Paragraphs 1 through 43, as set forth above.

15      45.    Government Code Section 12940(j) makes it an unlawful employment

16  practice for any employer to harass an employee, or any person providing services

17  thereto on the basis of race, or to create a hostile work environment based thereon.

18  Government Code Section 12926(n) also states that racial harassment is actionable

19  even if the employee is associated with a person who has, or is perceived to have

20  those characteristics.

21      46.    Defendants violated this prohibition on discriminatory and harassing acts

22  or omissions based upon race and engaging in the California protected activity of

23  filing a Fair Employment and Housing Act ("FEHA") claim with the Department of

24  Fair Employment and Housing ("DFEH"), by, among other things, subjecting Plaintiff

25  to the treatment as set forth in Factual Allegations ¶¶ 20-38, above, and in the

26  allegations made by Plaintiff herein.

27      47.    As a result of Defendants' harassing conduct, Plaintiff has suffered both

28  economic and non-economic damages. Additionally, in committing the above-

1  described acts, Defendants acted in a willful, oppressive and malicious manner

2  towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in

3  complete disregard to the harm that this conduct would cause him. Plaintiff is

4  therefore entitled to punitive damages in an amount according to proof at trial against

5  all Defendants except any Defendant who is specifically excluded by law from being

6  liable for punitive damages.

7  <u>**THIRD CAUSE OF ACTION**</u>

8  **(FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND/OR**

9  **RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR**

10  **EMPLOYMENT AND HOUSING ACT ("FEHA", Cal. Gov. Code §12940(k), et.**

11  **seq.;)**

12  **(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

13  48.    Plaintiff re-alleges and incorporates by reference each and every

14  allegation contained in Paragraphs 1 through 47, as set forth above.

15  49.    Government Code Section 12940(k) makes it an unlawful employment

16  practice "for an employer . . . to fail to take all reasonable steps necessary to prevent

17  discrimination and harassment from occurring."

18  50.    Defendants violated this section by failing to prevent the discrimination

19  and harassment, as set forth more specifically in Factual Allegations ¶¶ 20-38, and in

20  the allegations made by Plaintiff herein.

21  51.    As a result of Defendants' conduct, Plaintiff has suffered both economic

22  and non-economic damages. Additionally, in committing the above-described acts,

23  Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and

24  with the intent to vex, annoy, injure and harass Plaintiff in complete disregard of the

25  harm that this conduct would cause him. Plaintiff is therefore entitled to punitive

26  damages in an amount according to proof at trial against all Defendants.

27  ///

28  ///

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

# FOURTH CAUSE OF ACTION

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (By Plaintiff Against All Defendants and Does 1-10, inclusive)

52.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 51, as set forth above.

53.     The conduct of various Boeing employees and former employees, including but not limited to, Mike Perez, Jim Bellows, Jim Schultz, Inga Coupe, Chuck Brockett, Heather O'Leary, Tom Senkevich, and Sandy Specht, among others, as set forth throughout, was extreme and outrageous, and done by with the intentional and/or reckless disregard of the probability of causing Plaintiff to suffer humiliation, mental anguish, emotional, and physical distress.  Any racial discrimination cannot be tolerated by a civil society.

54.     This conduct, as set forth *supra*, was a result of an intent to harass, retaliate, discriminate, and terminate Plaintiff, and ultimately inflict emotional distress upon Plaintiff.

55.     Plaintiff suffered adverse employment actions on pre-textual grounds, but the true and only reason Plaintiff suffered adverse employment actions is because he is African American.  Making decisions constituting adverse employment actions because of a person's race or ethnicity is oppressive and malicious, and constitutes extreme and outrageous conduct which goes beyond all bounds of decency and is atrocious and utterly intolerable in a civilized community.  Boeing's veiled racism is no less damaging to affected persons than are openly and overtly racist acts.  Indeed, in an advanced society with post-racial aspirations, it is heavily-veiled and subconscious racism which is largely responsible for perpetuating the societal inequalities that continue to hinder the progress of, and oppress, racial minorities.

56.     As a proximate result of the aforementioned intentional acts, Plaintiff has suffered humiliation, mental anguish, emotional, and physical distress manifesting itself in such physical symptoms general stress induced change in appearance and

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

1  temperament. These damages are not presently calculable and are subject to proof at

2  time of trial.

3       57.    In committing the above-described acts, Defendants acted in a willful,

4  oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy,

5  injure and harass Plaintiff in complete disregard to the harm that this conduct would

6  cause him.  Specifically, Plaintiff alleges, among other things, that he suffered various

7  adverse employment actions, including terminations, failures to promote, failures to

8  provide preferred and privileged job assignments which would allow for

9  advancement, and hiring discrimination on the basis of their race; making decisions

10  constituting adverse employment actions on the basis of race is outrageous conduct

11  that goes beyond all bounds of decency and is atrocious and utterly intolerable in a

12  civilized community.  Plaintiff is therefore entitled to punitive damages in an amount

13  according to proof at trial.

14  **FIFTH CAUSE OF ACTION**

15  **(NEGLIGENT SUPERVISION)**

16  **(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

17       58.    Plaintiff re-alleges and incorporates by reference each and every

18  allegation contained in Paragraphs 1 through 57, as set forth above.

19       59.    Government Code, section 12940(k) makes it an unlawful employment

20  practice "for an employer . . . to fail to take all reasonable steps necessary to prevent

21  discrimination and harassment from occurring."

22       60.    Defendants violated this section by failing to prevent the discrimination

23  and harassment, as set forth more specifically in Factual Allegations ¶¶ 20-38, and in

24  the allegations made by Plaintiff herein.

25       61.    Accordingly, Government Code, section 12940(k) establishes a duty for

26  an employer to take all reasonable steps necessary to prevent discrimination and

27  harassment from occurring.  This duty includes the proper supervision of its

28  employees to ensure that discrimination and harassment do not occur.

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

62.   By failing to properly supervise its employees, and by allowing the conduct as set forth in Factual Allegations ¶¶ 20-38, and in the allegations made by Plaintiff herein, to occur, Defendant Boeing breached its duty.

63.   As a proximate result of that breach of duty, and of the ratification of discriminatory and harassing conduct of its employees, Defendant Boeing has caused Plaintiff to suffer damages, including monetary, and in some cases emotional, harms as set forth herein. These damages are not presently calculable, and will be established according to proof at time of trial.

64.   As a result of Defendants' conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard of the harm that this conduct would cause him. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

## SIXTH CAUSE OF ACTION

### (NEGLIGENT RETENTION)

**(By Plaintiff Against All Defendants and Does 1-10, inclusive)**

65.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 64, as set forth above.

66.   Government Code, section 12940(k) makes it an unlawful employment practice "for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

67.   In some instances, including in the instant matter, all reasonable steps necessary to prevent discrimination and harassment from occurring should include the firing or dismissal of employees who commit discriminatory or harassing conduct.

68.   Defendant Boeing owed, and continues to owe, Plaintiff a duty to fire, dismiss, or otherwise terminate employees who commit discriminatory or harassing conduct.

69.     Defendant breached their duty to Plaintiff and others by negligently retaining employees who acted in a discriminatory or harassing manner and allowing by misconduct to continue unabated as set forth more specifically in Factual Allegations ¶¶ 20-38, and in the allegations made by Plaintiff herein.

70.     As a proximate result of that breach of duty, and of the ratification of discriminatory and harassing conduct of its employees, Defendant Boeing has caused Plaintiff to suffer damages, including monetary, and in some cases emotional, harms as set forth herein. These damages are not presently calculable, and will be established according to proof at time of trial.

71.     As a result of Defendants' conduct, Plaintiff has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause him. Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

///
///
///

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

## **PRAYER FOR DAMAGES**

1.     For an award for all compensatory damages sustained by Plaintiff by reason of Defendants wrongful acts complained of herein;

2.     For exemplary and punitive damages where allows by law;

3.     For a permanent injunction enjoining discriminatory, unfair, and unlawful business practices;

4.     For costs of suit incurred herein;

5.     For attorneys' fees as allowed by law; and

6.     For such other and further relief as the Court may deem equitable, necessary, and just.

Dated: November 17, 2016       **HANEY & YOUNG, LLP**

By: /s/Gregory L. Young/
STEVEN H. HANEY
GREGORY L. YOUNG
Attorneys for Plaintiff,
RODERICK MARSHALL

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests a jury trial in this matter.

Dated: November 17, 2016          **HANEY & YOUNG, LLP**


                                  By: /s/Gregory L. Young/
                                  STEVEN H. HANEY
                                  GREGORY L. YOUNG
                                  Attorneys for Plaintiff,
                                  RODERICK MARSHALL

HANEY & YOUNG, LLP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

EXHIBIT "A"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov                              DIRECTOR KEVIN KISH

May 05, 2016

Steven Haney
1055 West 7th Street #1950
Los Angeles California 90017

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 766302-226526
Right to Sue: Marshall / The Boeing Company

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer.  You or your attorney must serve the complaint.  If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

May 05, 2016

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 766302-226526
Right to Sue: Marshall / The Boeing Company

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

May 05, 2016

Roderick Marshall
3969 Palm Ave
Lynwood, California 90262

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 766302-226526
Right to Sue: Marshall / The Boeing Company

Dear Roderick Marshall,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 05, 2016 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 766302-226526
Roderick Marshall, Complainant.
3969 Palm Ave
Lynwood, California 90262

vs.

The Boeing Company, Respondent.
100 North Riverside
Chicago, Illinois 60606

Complainant alleges:

1. Respondent **The Boeing Company** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **May 05, 2016**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Denied a work environment free of discrimination and/or retaliation, Denied or forced to transfer, Denied promotion**, .  Complainant believes respondent committed these actions because of their: **Age - 40 and over, Race** .

3. Complainant **Roderick Marshall** resides in the City of **Lynwood**, State of **California**.  If complaint includes co-respondents please see below.

DFEH 902-1

Date Filed: May 05, 2016

**Additional Complaint Details:**

Complainant is African American and is over 40 years old.

Complainant is currently employed as an Air Vehicle Technician, Senior. Complainant has been employed by Boeing since 1998. As part of Complainant's employment, he works on Boeing commercial satellites.  He also works on Boeing government and military satellites and defense systems.

One of the job duties of Senior Air Vehicle Technicians is to work on the launches of the commercial satellites. Typically, core team members who worked directly on the satellite to be launched are chosen to work on these launches.  Working on a satellite launch is an integral part of the Senior Air Vehicle Technicians job, and experience working on these launches is necessary for promotion to more advanced positions.  Working on these launches also requires travel, sometimes to international locations.  This travel provides opportunities for overtime and differential pay.

Complainant has been passed over and not selected to work on and travel for these commercial launches on multiple occasions.  Complainant was passed over in favor of less senior, non-core team members.  The employees who were selected instead of Complainant were related to, or closely associated with, senior and preferred Boeing employees, constituting nepotism. The employees who were selected instead of Complainant were also frequently Caucasian and/or younger.

Complainant was not selected for this integral job duty because of his age, race, and because of nepotism.

Complainant  is employed on a shift that requires him to work nights and evenings.  In that past, Complainant has worked the first shift for Boeing, during the day. Complainant would need to work on the day shift to care for his ailing mother. Complainant  had a doctor's note confirming this.

As part of Complainant's employment working on government and military satellites and defense systems, Complainant is required to maintain a government security clearance.

Complainant requested to be moved back to the day shift.  He was told that there was a need for employees with security clearances on the second and third shifts, which are in the evening and night.

Complainant  considered not renewing his security clearance, which would allow him to transfer back to his preferred day shift. Manager Lester Hojo told Marshall that Hojo

-6-

*Complaint – DFEH No. 766302-226526*

would not accommodate Marshall`s request despite it being within his discretion to do so.   Complainant was told by Sandy Specht that he would be terminated if he did not maintain his security clearance.  Subsequent to being told this, another less senior Caucasian employee

who worked on Complainant`s shift was allowed to give up his security clearance and was transferred to the day shift. This disparate treatment was a result of Complainant`s race.

Complainant filed a grievance as a result of Hojos refusal to move him to the day shift. Complainant won his grievance, and was told that when less senior employees with clearances were available to be placed on second shift, Complainant would be moved to the day shift.  Qualifying employees became available.  Hojo refused to honor the grievance ruling and transfer Complainant to the day shift.  This was all because of Complainant`s race. Complainant was forced to file an ethics complaint against Hojo. Complainant`s mother`s condition worsened, and the stress of her illness manifested in symptoms requiring Complainant to go on stress leave.

Complainant was then offered a return to the first shift, and returned to work on the day shift after his symptoms resolved several weeks later.

Complainant was subjected to a harassment and a hostile work environment because of his race.

Among numerous examples of this harassment and hostile work environment, Complainant was physically assaulted at work by Caucasian employee Vince Shultz, who was angered because Marshall was not in his assigned work area. Schultz was not reprimanded.

DFEH 902-1

Date Filed: May 05, 2016

VERIFICATION

I, **Steven Haney**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.   The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On May 05, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Los Angeles, California
**Steven Haney**

DFEH 002-1

-8-

*Complaint – DFEH No. 766302-226526*

Date Filed: May 05, 2016